## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LORNA BLEDSOE,

                 **Plaintiff,**

    v.

DEE-DEE JACKSON, 12th District
Director of PTA in the Official and
Personal Capacity; RITA ERVES;
OTHA THRONTON; MARINA
STAPLES; GEORGIA, STATE,
PTA; NATIONAL PTA; GEORGIA
STATE BOARD PTA BOARD OF
DIRECTORS;

                 **Defendants.**

              **1:15-cv-3718-WSD**

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff

Lorna Bledsoe's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Plaintiff's Complaint is nearly identical to a complaint she filed in this Court

in March 2015.  Complaint, Bledsoe v. Erves, No. 1:15-cv-487-WSD (N.D. Ga.

Mar. 3, 2015) (ECF No. 3) (the "Dismissed Action").  The Court dismissed

Plaintiff's previous action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

In this action, Plaintiff again asserts that she became a member of the Georgia Parent Teacher Association ("PTA") in 2005 and held various leadership positions within the Georgia PTA, including First Assistant District Director, to which she was elected in 2013.  (Compl. at 2).  Plaintiff alleges that Defendant Rita Erves ("Erves"), Georgia PTA President for 2013-2015, and Dee-Dee Jackson ("Jackson"), Director of the District 12 PTA program, "conspired . . . to have PTA members removed from both the state board and at the district levels," including by "using unsupported and false statements [and] misrepresentations designed to defame the[ir] character."  (Id. at 3-7).[1]  Plaintiff asserts that Erves and Jackson "ha[d] Plaintiff illegally removed from office" on insufficient grounds after Plaintiff confronted them about "misconduct of illegal voting" that Plaintiff had observed during Georgia PTA elections.  (Compl. at 13-14).  Plaintiff claims that "[t]he District 12 Executive Committee met and illegally voted to remove Plaintiff" in violation of [her] due process rights and the GA PTA written Allegations and Disciplinary Procedures Document."  (Compl. at 14).

Plaintiff has added several new defendants in this action that were not named as defendants in Dismissed Action.  Plaintiff alleges Defendant Otha

---

[1]     Although the crux of her Complaint appears to be that Erves and Jackson defamed her, Plaintiff does not specify the "written and verbal communication and comments that were false about Plaintiff."  (Compl. at 4).

Thornton, National PTA President, instructed Erves and Jackson "on how to handle the removal from office process [sic] of the Plaintiff."  (Compl. at 4). Plaintiff alleges Marina Staples, Council III President, was "promoted to Membership Chair for State for her Star supporting role with assisting Ms. Jackson and Ms. Erves in the illegal removal."  (Id. at 17).  Plaintiff also names as defendants the Georgia State PTA, the National PTA, and the "Georgia State Board PTA Board of Directors."  (Id. at 1, 16-17).

On October 22, 2015, Plaintiff filed her Complaint and an Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") [1].  Plaintiff's claims in this action are identical to her claims in the Dismissed Action.  Plaintiff asserts federal claims, under 42 U.S.C. § 1983, against all Defendants for violation of due process and slander (Counts 2 and 3).  Plaintiff also asserts state law claims for "breach of policy" (Counts 1 and 7), libel (Count 4), defamation (Count 5), "deprivation" (Count 6), conspiracy (Count 8), "abuse of an organization, position and authority" (Count 9), and "failure to exercise reasonable intervention" (Count 10).

On October 27, 2015, Magistrate Judge Justin S. Anand granted Plaintiff's IFP Application and Plaintiff's Complaint was submitted to the Court for a frivolity determination.

**II.     DISCUSSION**

   A.     Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

   Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See

Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.     Analysis

a.     Plaintiff's Federal Law Claims

In the Dismissed Action, the Court dismissed Plaintiff's federal law claims because she failed to allege that any defendant acted under color of state law. Plaintiff's Complaint here, which is essentially identical to her complaint in the Dismissed Action, must be dismissed for the same reasons.

Pursuant to 42 U.S.C. § 1983, a plaintiff may pursue relief for possible violations of her constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Construing her *pro se* Complaint liberally, the Court concludes that Plaintiff's Section 1983 claims must be dismissed as frivolous.  It is axiomatic that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins.

Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Plaintiff does not allege that Defendants acted under the color of state law, and other courts have held that a parent-teacher association, like the Georgia PTA, is a private entity not subject to liability under Section 1983.  See, e.g., Rodriquez v. Clinton, 357 F. App'x 355, 357 (2d Cir. 2009) (parent could not state a claim under § 1983 against high school PTA for violations of First and Fourteenth Amendments; because PTA was a private entity, parent's removal from decisionmaking team by PTA executive board did not involve "state action"); Holy Spirit Ass'n for Unification of World Christianity v. New York Congress of Parents & Teachers, Inc., 408 N.Y.S.2d 261 (N.Y. Supp. Ct. 1978) (although PTA used public school time, staff and facilities for its activities, teachers distributed PTA's literature to students during school hours, PTA's executive committee included school principal, and principal determined whether PTA would be officially recognized and organized under statewide PTA, PTA was a private actor and this relationship with school system was not sufficient to support that PTA's passage of allegedly unconstitutional resolution was "state action" for purposes of § 1983).[2]

A private entity may be liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least

_____

[2]       This is further supported by Plaintiff's characterization of the Georgia PTA as a "non-profit organization."  (Compl. at 2).

significantly encouraged the action alleged to violate the Constitution"; (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the State"; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations in original) (quoting NBC, Inc. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026–27 (11th Cir. 1988)). Plaintiff's Complaint does not allege facts supporting any of these circumstances. That the Georgia PTA "receives a substantial amount of funds from teachers/educators that is paid from through [sic] the State of Georgia appropriations from federal tax dollars" (Compl. at 14-15), is not sufficient to support that the Georgia PTA, or any of its members, are state actors. See, e.g., San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 544 (1987) (stating, "[t]he Government may subsidize private entities without assuming constitutional responsibility for their actions;" holding U.S. Olympic Committee not governmental actor despite federal charter, regulation and funding); Blum v. Yaretsky, 457 U.S. 991 (1982) (private nursing home not state actor despite extensive regulation and receiving 90% of fees from state); Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (private school that treats students with addictions not state actor even though it operates under contract with

state and receives 90% state funding); <u>Goia v. CitiFinancial Auto</u>, 499 F. App'x

930, 936 (11th Cir. 2012) (that lender's parent company received funding from

federal government does not show that lender was acting under color of state law

for purpose of showing state action under § 1983).  Plaintiff fails to show that any

Defendants are state actors, and Plaintiff's Section 1983 claims are required to be

dismissed.[3, 4]

      b.    <u>Plaintiff's Remaining State Law Claims</u>

      1.    <u>Original Jurisdiction</u>

To the extent Plaintiff asserts that the Court has original subject matter

jurisdiction over her state law claims because "Plaintiff's compensational relief for

damages exceeds $75,000 amount [sic] and both Plaintiff and Defendant [sic]

---

[3]    The Court also notes that Plaintiff does not allege that Defendants conspired with one or more state actors to violate her constitutional rights.  <u>See, e.g.</u>, <u>NAACP v. Hunt</u>, 891 F.2d 1555, 1563 (11th Cir. 1990) (allegations of a conspiracy can serve to extend liability, under Section 1983, to private individuals, where a plaintiff shows that the private individual conspired with one or more state actors); <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271, 1284 (11th Cir. 2002) (plaintiff failed to state a § 1983 claim where the facts alleged could have supported, at most, a conspiracy between two private actors; plaintiff "fail[ed] to point to any evidence that suggests an 'understanding' between [the private individual] and the various state actors who took part in the investigation and prosecution of [plaintiff]").  Plaintiff fails to state a Section 1983 claim for this additional reason.

[4]    Plaintiff's Complaint includes a section criticizing the Court's dismissal of her Section 1983 claims in the Dismissed Action.  (Compl. at 19-21).  Plaintiff's arguments are rambling and conspiratorial, and the Court declines to address them here.

resides [sic] in this District," (Compl. at 15), diversity jurisdiction requires that the

amount in controversy exceed $75,000 *and* the parties are citizens of different

states.  28 U.S.C. § 1332(a)(1).  Plaintiff does not allege, and it does not appear,

that the parties are citizens of different states and the Court thus lacks original

subject matter jurisdiction over Plaintiff's state law claims.  See id.; see also

Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity

jurisdiction, as a general rules, requires complete diversity—every plaintiff must

be diverse from every defendant.").

### 2.     Exercise of Supplemental Jurisdiction

Plaintiff's Section 1983 claims, now dismissed, were the only claims in this

action over which the Court had original subject matter jurisdiction.  The

remaining claims in this action involve only state law causes of action, over which

the Court may, but is not required to, exercise supplemental jurisdiction.  See

28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over

"claims that are so related to claims in the action within [the court's] original

jurisdiction that they form part of the same case or controversy").  "The decision

on [whether to retain jurisdiction over the state-law claims] should be and is vested

in the sound discretion of the district court."  Rowe v. City of Fort Lauderdale,

279 F.3d 1271, 1288 (11th Cir. 2002); see generally United Mine Workers of Am.

v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)).  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and these claims are dismissed without prejudice.[5]

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Section 1983 claims, asserted in Counts 2 and 3, are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

---

[5]     Having declined to exercise subject matter jurisdiction over Plaintiff's state law claims, the Court does not consider the merits of Plaintiff's remaining claims.

**SO ORDERED** this 24th day of March, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE